UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAMUEL C. ROGERS,

    *Plaintiff*,                     CASE NO. 20-CV-12100

v.                                DISTRICT JUDGE THOMAS L. LUDINGTON
                                    MAGISTRATE JUDGE PATRICIA T. MORRIS

LAVERNA D. RICKS,

    *Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION FOR SUA SPONTE DISMISSAL

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED**.[1]

**II.    REPORT**

    **A.    Introduction**

On July 27, 2020, Plaintiff Samuel C. Rogers filed the instant *pro se* Complaint against Defendant Laverna D. Ricks. (ECF No. 1). On August 11, 2020, U.S. District Judge Thomas L. Ludington referred all pretrial matters to the undersigned Magistrate Judge. (ECF No. 3.)

---

[1] I note that in response to the Order assigning all pretrial matters to the undersigned Magistrate Judge, Plaintiff filed what has been docketed as "Response to Order Referring Pretrial Matters to Magistrate Judge." (ECF No. 4.) In this document, Plaintiff reiterates much of the same factual allegations as in his Complaint. It is unclear what Plaintiff requests through this Response, if anything; in event this Report and Recommendation is adopted, it will be moot.

From what this writer can discern, Plaintiff alleges that "the lower court in Genesee County" entered an order that Plaintiff pay "false child support" (ECF No. 1, PageID.22); Plaintiff also avers that the child for whom he was ordered to pay child support is not actually his, and that his family, who has helped to orchestrate this alleged farce, is involved with the "mafia" and organized crime. (ECF No. 1, PageID.2-5, 12-16.) It is unclear who Defendant is in relation to Plaintiff, although Plaintiff does proclaim in his Complaint, "I have a twin brother who is the father of [Defendant] Laverna D. Ricks child who I was illegally made to pay false child support for 22 years." (ECF No. 1, PageID.15.) Plaintiff also alleges that several judges and the "Administration Court" were bribed by members of Plaintiff's family. (ECF No. 1, PageID.15-16.) Plaintiff contends that he never signed an Affidavit of Parentage regarding the child he claims is not his; he attached the Affidavit to his Complaint, on which his signature appears. (ECF No. 1, PageID.4, 15; ECF No. 1, PageID.9. (Affidavit of Parentage)). It is unclear to this writer what Plaintiff seeks from this Court as a form of relief.

**B.   Governing Law**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is to *sua sponte* dismiss the case before service on defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See e.g. Johnson v. Gibson*, No. 20-3280, 2020 WL 5353293, at *2 (6th Cir. July 22, 2020) ("Under § 1915(e)(2)(B), the district court must screen and dismiss any complaint that is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.").

When reviewing a complaint filed without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

**C.     Analysis**

Plaintiff complains that since his grandmother died and left him "her money," his other family members have been "using [his] identity ever since." (ECF No. 1, PageID.4.) Although it is unclear to this writer, and he includes several details relating to various members of his family, who he refers to as "mafia" men with "Free Mason influence," Plaintiff's chief complaint seems to be that he was court-ordered to pay child support to a child who, he claims, is not his: "Everyone ignored my rights and falsely accused me to be a parent when I am not!!" (emphasis in original) (*Id.* at PageID.5.) Plaintiff includes an Affidavit of Parentage with his signature on it but proclaims that "[a]ll of the documents are phony documents with my name on it." (*Id.* at PageID.6.) Plaintiff does not refer to any law, whether caselaw or statutes, except to say that he suffered a violation of his "federal constitution rights under the U.S. constitutional amendments which is known as the Bill of Rights. It is a fact that this court and others in the district and circuit court violated Amendment 4, Amendment 5, especially Amendment 6, Amendment 8, which cause [sic] harm to my life, liberties, credit history, Amendment 14 . . . [.]" (*Id.* at

PageID.2-3.) It is unclear precisely what Plaintiff seeks from this Court and he does not appear to request relief in any particular form.

Federal Rule of Civil Procedure 8(a) requires a plaintiff to file a complaint that sets forth "a short and plain statement of the claim . . . ." FED. R. CIV. P. 8(a)(2). In addition, Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Where a pleading is so verbose that neither the court nor the defendants can readily identify the claims asserted, the complaint should be dismissed for failure to comply with the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Vicom v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss with prejudice pursuant to Rule 8(a); noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation"); *Plymale v. Freeman*, No. 90-2202, 1991 WL 54882 (6th Cir. Apr. 12, 1991) (affirming dismissal with prejudice for failure to comply with Rule 8); *Gipbsin v. Kernan*, No. CIV S-07-0157, 2008 WL 1970090, at *3 (E.D. Cal. May 5, 2008) (a complaint should not include "preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like").

Clearly the complaint in this case is in violation of Rule 8. Here, Plaintiff identifies Defendant in the caption of his complaint, but does not explain Defendant's role in this alleged

5

farce, other than providing (it seems) that Defendant is the mother of child Plaintiff claims is not his. Even when averring that members of family have bribed several judges and forged his signature on the Affidavit of Parentage, Plaintiff does not identify Defendant's role in this scheme with particularity such that she could understand the count(s) against her. In short, Plaintiff fails to attach any particular wrongdoing or violation of an applicable law to Defendant in a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Further, the recitation of various constitutional provisions are not clearly applied to the facts of this case, and instead stated generally without any connection to the factual allegations or any acts by Defendant. "A complaint must contain allegations regarding all the material elements to sustain a recovery under some viable theory." *Asbury v. Bisig*, 70 F. App'x 247, 249 (6th Cir. 2003).

In addition to being subject to dismissal for being in violation of Rule 8, I also suggest that the complaint is subject to dismissal for failure to state a claim upon which relief can be granted. When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Id.* at 555 (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action." *Id.*

From the best I can discern, Plaintiff fails to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp.*, 550 U.S. at 570; notably, he does not appear to state a claim for any relief at all. Even if Plaintiff included a request for relief in his Complaint, the facts on which that relief would rest do not "raise a right to relief above the speculative level[.]" *Id*. at 555. Plaintiff fails to allege facts that show with specificity that Defendant acted in violation of any law—his Complaint is scant as to Defendant's role in the alleged scheme.

For these reasons, I recommend the Complaint be *sua sponte* dismissed.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v.*

7

*Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 1, 2020             S/ PATRICIA T. MORRIS
                                  Patricia T. Morris
                                  United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Samuel C. Rogers at P.O. Box 702, Gulfport, MS 39502.

Date: October 1, 2020             By s/ Kristen Castaneda
                                  Case Manager