UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAMUEL ROGERS,

        Plaintiff,                      Case No. 20-12100

v.                                         Honorable Thomas L. Ludington
                                              Magistrate Judge Patricia T. Morris

LAVERNA RICKS,

        Defendant.
_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING COMPLAINT

On July 27, 2020, Plaintiff filed a *pro se* civil complaint against Defendant. ECF No. 1. As explained by Magistrate Judge Morris,

> Plaintiff alleges that "the lower court in Genesee County" entered an order that Plaintiff pay "false child support" (ECF No. 1, PageID.22); Plaintiff also avers that the child for whom he was ordered to pay child support is not actually his, and that his family, who has helped to orchestrate this alleged farce, is involved with the "mafia" and organized crime. (ECF No. 1, PageID.2-5, 12-16.) It is unclear who Defendant is in relation to Plaintiff, although Plaintiff does proclaim in his Complaint, "I have a twin brother who is the father of [Defendant] Laverna D. Ricks child who I was illegally made to pay false child support for 22 years." (ECF No. 1, PageID.15.) Plaintiff also alleges that several judges and the "Administration Court" were bribed by members of Plaintiff's family. (ECF No. 1, PageID.15-16.) Plaintiff contends that he never signed an Affidavit of Parentage regarding the child he claims is not his; he attached the Affidavit to his Complaint, on which his signature appears. (ECF No. 1, PageID.4, 15; ECF No. 1, PageID.9. (Affidavit of Parentage)). It is unclear to this writer what Plaintiff seeks from this Court as a form of relief.

ECF No. 5 at PageID.48. The complaint was referred to Magistrate Judge Morris. ECF No. 3. On October 1, 2020 Magistrate Judge Morris *sua sponte* issued a report and recommended the case be dismissed. She explained that Plaintiff's Complaint "clearly" violates Federal Rule of Civil Procedure 8 because it does not provide a short and plain statement of the claim. ECF No. 5. She also recommends dismissal due to failure to state a claim. *Id.*

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

- 3 -

**II.**

On October 19, 2020 the clerk's office docketed a filing from Plaintiff. ECF No. 6. However, due to concerns about COVID-19 related mail delays, it was docketed as if it had been received on the postmark date of October 2, 2020. *Id.* The filing includes two "explanation[s] for complaint" and two letters addressed to "Friend of the Court" and "Court Clerk, and Judges." *Id.* All letters include "Date September 30, 2020" or "Date September 29, 2020" and a mail date of "October 2, 2020." *Id.* The Magistrate Judge report was issued on October 1, 2020. Therefore, the filing is likely not an objection to the report and recommendation. However, in an abundance of caution, and in consideration of Plaintiff's *pro se* status, it will be construed as an objection to the report and recommendation.

Objections to a Magistrate Judge's report and recommendation must identify the specific part of the report to which the party objects. However, in this case, Plaintiff does not specify any concerns with the report, but instead reiterates his concerns about his birth records being falsified and people being connected "to a group of black mafia men." ECF No. 6 at PageID.54. He does not allege any error on Magistrate Morris' part. As such, to the extent that the filing was an objection to the report and recommendation, it will be overruled.

On October 26, 2020 the Clerk's Office docketed a second filing. ECF No. 7. Due to concerns about COVID-19 related mail delays, it was docketed as if it had been received on the postmark date of October 13, 2020. *Id.* In the filing Plaintiff explains his family's connection with the mafia, argues the invalidity of a child support order, and alleges identity fraud. However, he does not allege any errors in Magistrate Judge Morris' report in which she recommended this Court dismiss the complaint. To the extent this second filing was an objection to the report and recommendation, it too will be overruled.

- 4 -

### III.

Accordingly, it is **ORDERED** that Plaintiff's Objections to the Report and Recommendation, ECF Nos. 6, 7, are **OVERRULED**.

It is further **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 5, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED**.

Dated: October 28, 2020                              s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Samuel C. Rogers,** P.O. Box 702, Gulfport, MS 39502 by first class U.S. mail on October 28, 2020.

                              s/Kelly Winslow
                              KELLY WINSLOW, Case Manager

---